# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:15-cv-00139-MR-DLH

| | | |
|---|---|---|
| JEAN TAYLOR-TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| GRADY L. INGLE, TRUSTEE, | ) | |
| ELIZABETH B. ELLS, TRUSTEE, | ) | |
| HSBC MORTGAGE SERVICES, INC., | ) | |
| SHAPIRO & INGLE, LLP, and | ) | |
| THE LOGS GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2]; the Plaintiff's Motion for Service of Process by U.S. Marshal or Deputy Marshal [Doc. 3]; and the Plaintiff's Request for Email Notification of Electronic Filing [Doc. 4].

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28

U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").  A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989).  The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989).  While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios."  Neitzke, 490 U.S. at 327, 328, 109 S.Ct. 827.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted)).

Here, the Plaintiff asserts various state and federal claims against Grady L. Ingle, Elizabeth B. Ells, HSBC Mortgage Services, Inc., Shapiro & Ingle, LLP, and the LOGS Group LLC. The Complaint generally asserts a conspiracy among the Defendants "to defraud Plaintiff of her property, in violation of state and federal laws, when they knew, or should have known that they lacked the authority to do so…." [Doc. 1 at ¶ 23]. The Plaintiff then goes on to challenge the legality of the state foreclosure proceedings which ultimately led to the judicial sale of the Plaintiff's real property to a third party.

The Plaintiff's action is barred by what is commonly known as the Rooker-Feldman doctrine. Under that doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam). The doctrine applies to "cases brought

by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

For the Rooker–Feldman doctrine to apply, the party seeking relief in federal court must be seeking to "'reverse or modify' the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quoting Exxon Mobil, 544 U.S. at 284, 125 S.Ct. 1517). The Court therefore must "examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the Rooker–Feldman doctrine does not apply." Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006) (footnote omitted).

Here, the Plaintiff's Complaint clearly seeks redress for injuries purportedly caused by the Defendants' involvement in the foreclosure proceeding, culminating in the foreclosure judgment and judicial sale of the Plaintiff's real property. This Court, however, lacks subject-matter jurisdiction to sit in direct review of North Carolina's courts with regard to the state foreclosure action. See, e.g., Brown & Root, Inc. v. Breckenridge, 211

F.3d 194, 199 (4th Cir. 2000); Jordahl v. Democratic Party of Va., 122 F.3d 192, 202-03 (4th Cir. 1997). Accordingly, the Court concludes that the Rooker-Feldman doctrine requires dismissal of this case.[1]

The Court further concludes that dismissal of this action is also warranted under 28 U.S.C. § 1915(e)(2)(B)(i) due to the malicious nature of the Plaintiff's filing. As she admitted in her prior Complaint filed in Civil Case No. 1:13-cv-00078-MR-DLH, the Plaintiff's claims relates to matters that she has already litigated in numerous other actions in state court. Indeed, she has litigated these matters to such an extreme degree that at least two state judges have entered "gatekeeper orders" to restrain the Plaintiff from filing any further pleadings in any state court. [See Complaint, Doc. 1 at ¶206]. Additionally, this is the Plaintiff's third attempt to assert these claims in an action before this Court. [See Misc. Case No. 1:12-mc-00028-MR-DLH, Doc. 7; Civil Case No. 1:13-cv-00078-MR-DLH, Doc. 1]. It is clear from the allegations set forth in the present Complaint that this action involves the same subject matter of the Plaintiff's two prior civil actions. "A party's abuse

---

[1] To the extent that part of the Plaintiff's Complaint could be construed as not challenging the foreclosure judgment itself, the Complaint nevertheless fails to state a claim upon which relief can be granted. While the Plaintiff appears to assert claims for violations of various federal statutes, such as RESPA and the Fair Housing Act, the Plaintiff offers nothing more than conclusory allegations to support these claims.

of the legal process by repeatedly filing previously litigated claims can render an action subject to dismissal as malicious." Brett v. Hansen, No. 5:12-CV-127-BR, 2013 WL 663914, at *3 n.5 (E.D.N.C. Feb. 25, 2013) (citing Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir.1996)).

Upon review of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that she is unable to make prepayment of the required fees and costs and therefore the Application should be allowed. The Court concludes, however, that the allegations set forth in the Plaintiff's Complaint are frivolous and malicious and fail to state a cognizable claim upon which relief may be granted. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328; White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945

(4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. See Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff Jean Taylor-Todd is hereby informed that future frivolous and/or malicious filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Service of Process by U.S. Marshal or Deputy Marshal [Doc. 3] and Request for Email Notification of Electronic Filing [Doc. 4] are **DENIED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**

Signed: August 5, 2015

Martin Reidinger
United States District Judge